UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN HOMER SMITH | * | CIVIL ACTION |
| VERSUS | * | NO. 24-244 |
| MARTIN O'MALLEY, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | * * | DIVISION: 2  MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |

## ORDER AND REASONS

Plaintiff John Homer Smith filed this suit seeking judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") under section 405(g) of the Social Security Act ("the Act") and U.S.C. § 1383(c)(3). ECF No. 1. Pursuant to 28 U.S.C. § 636(c) and the unanimous consent of the parties, the matter was referred to a magistrate judge for disposition. ECF No. 19.

Pending before me is the Commissioner of Social Security's Unopposed *Ex Parte* Motion to Reverse and Remand. ECF No. 18. For the reasons below, the undersigned grants the motion, reverses the Administrative Law Judge's (ALJ) decision, and remands this matter for further administrative proceedings in accordance with sentence four of 42 U.S.C. § 405(g). Judgment dismissing this case will be entered accordingly.

I.  **BACKGROUND**

Plaintiff applied for SSI and DIB on January 26, 2007, and on March 2, 2012, was found disabled as of August 1, 2007, based on Affective disorders. ECF No. 10 at 324-330, 135-36. After a Continuing Disability Review, in August 2018, it was determined that claimant was no longer disabled under § 223(f) and § 1614(a)(3)(A). *Id.* at 137-47. Plaintiff requested

reconsideration of that decision, and on June 27, 2019, the hearing officer determined he was not disabled. *Id.* at 148, 158-66. Plaintiff then requested a hearing before an Administrative Law Judge, which was conducted before ALJ Kelly Day who issued an unfavorable decision. *Id.* at 173, 12-25. After the Appeals Council denied review, Plaintiff now seeks judicial review under § 405(g) of the Commissioner's final decision. *Id.* at 7-9.[1]

After filing a complaint for judicial review of the Commissioner's decision, Plaintiff filed a Brief/Motion for Summary Judgment. ECF No. 14. He argues that the ALJ improperly found medical improvement because the record was incomplete and failed to include a Comparison Point Decision or medical records dating back to the time of that decision. ECF No. 14-1 at 3. In lieu of responding to the summary judgment motion, the Commissioner filed an Unopposed Motion to Reverse and Remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) to allow the Commissioner to conduct a new administrative hearing and decision. ECF No. 18. The Commissioner also notes that Plaintiff has no objection to the relief sought. *Id.* at 3.

## II.    APPLICABLE LAW AND ANALYSIS

Section 405(g) permits only two types of remand orders: "(1) remands pursuant to the fourth sentence, and (2) remands pursuant to the sixth sentence."[2] In this case, Defendant seeks remand under sentence four, which authorizes a court to enter a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing, based on the pleadings and transcript of the record.[3]

Reversal of the Commissioner's decision and remand for further proceedings is appropriate under sentence four of 42 U.S.C. § 405(g) when the record is insufficient to support the

---

[1] 42 U.S.C. §§ 405(g), 416(i), 423.
[2] *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991) (citation omitted).
[3] 42 U.S.C. § 405(g).

Commissioner's conclusions and further fact-finding is necessary.[4]  A sentence four remand requires the district court to enter a decision on the merits before remanding a case to the Commissioner.[5]  Thus, a request to remand for further administrative proceedings, like the remand requested in the Commissioner's motion, is a fourth sentence remand under section 405(g) and requires that the court enter a decision,[6] which in this case is a requested reversal.

The Commissioner's motion apparently, though not expressly, concedes that substantial evidence in the record is lacking at this time to uphold the decision when she asks that the court reverse that decision so that further proceedings may be conducted.  ECF No. 18 at 1-2.  Accordingly, it appears that good cause exists to support reversal of the decision and to remand this case.

## III.  CONCLUSION

Having reviewed the record, the submissions of the parties, and the applicable law, and for the foregoing reasons,

**IT IS ORDERED** that Defendant's Unopposed Motion to Reverse and Remand (ECF No. 18) be GRANTED, and judgment be entered REVERSING the Commissioner's decision and REMANDING the case for further administrative proceedings.

New Orleans, Louisiana, this 28th day of August, 2024.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[4] *See* 42 U.S.C. § 405(g); *Shalala v. Schaefer*, 509 U.S. 292, 297 (1993) (stating that a district court remanding a case pursuant to sentence four of Social Security Act must enter judgment either affirming, reversing or modifying the decision of the Commissioner); *Sullivan*, 496 U.S. at 625-26.
[5] *Melkonyan*, 501 U.S. at 98.
[6] *See Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990) (sentence four provides the appropriate relief when the evidence on the record does not support the Commissioner's conclusions and further fact finding is necessary).