UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JOHN HOMER SMITH | * | CIVIL ACTION |
| VERSUS | * | NO. 24-244 |
| MARTIN O'MALLEY, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | * | DIVISION 2 |

## ORDER AND REASONS

Before the Court is Plaintiff John Homer Smith's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act ("EAJA").  ECF No. 22.  Defendant Martin O'Malley, Commissioner of the Social Security Administration, filed a Response indicating no objection to the fee request, provided any fees are paid directly to the Plaintiff.  ECF No. 23 at 1 (citing *Astrue v. Ratliff*, 560 U.S. 586, 594 (2010) (holding that EAJA fees are payable to the claimant, not the claimant's attorney)).

Pursuant to 28 U.S.C. § 636(c) and the unanimous consent of the parties, the matter was referred to a magistrate judge for disposition.  ECF No. 19.  For the following reasons, the undersigned GRANTS the motion and ORDERS that Plaintiff John Homer Smith be awarded attorneys' fees in the amount of $11,756.69, representing 45.6 attorney hours of expended time at $239.73 per hour and 11 paralegal hours at $75 per hour.

## I.   BACKGROUND

Plaintiff Smith sought judicial review of the Commissioner's final decision denying his claim for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB") under Title II.[1]  ECF No. 1.  In accordance with the governing Scheduling Order, Plaintiff filed a

---

[1] 42 U.S.C. §§ 405(g), 416(i), 423.

1

Motion for Summary Judgment. ECF No. 14. In lieu of responding to the summary judgment motion, the Commissioner filed an Unopposed Motion to Reverse and Remand pursuant to the fourth sentence of 42 U.S.C. § 405(g) to allow the Commissioner to conduct further proceedings. ECF No. 18 at 1. On August 28, 2024, the undersigned granted the Unopposed Motion to Reverse and Remand, reversed the Commissioner's decision, remanded the case for further administrative proceedings, and denied Plaintiff's Motion for Summary Judgment as moot. ECF No. 20.

Plaintiff's Motion for Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, followed. ECF No. 22. Plaintiff seeks recovery of $11,756.69, representing 45.6 attorney hours of expended time at $239.73 per hour (adjusted from the statutory $125 amount based upon the Consumer Price Index) and 11 paralegal hours at $75 per hour, pursuant to 28 U.S.C. § 2412(d). ECF No. 22-1 at 1-2.

## II. APPLICABLE LAW AND ANALYSIS

The EAJA specifies that the Court shall award attorneys' fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."[2] The EAJA further provides that awards are payable directly to Plaintiff as prevailing party, not counsel.[3]

In light of the August 28, 2024, Order remanding the case to the Commissioner for further administrative proceedings (ECF No. 20), Plaintiff is the prevailing party in this action.

---

[2] 28 U.S.C. § 2412(d)(1)(A); *see also Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001) (citing *Comm'r v. Jean*, 496 U.S. 154, 158 (1990)) (noting the Equal Access to Justice Act, 28 U.S.C. § 2412, provides a mandatory attorney's fee award for a prevailing party if (1) the claimant is a "prevailing party"; (2) the position of the United States was not "substantially justified"; and (3) there are no special circumstances that make an award unjust); *Calhoun v. Saul*, No. 18-9574, 2020 WL 8642054, at *1 (E.D. La. Nov. 25, 2020) (same).
[3] *Francis o/b/o A.B. v. Saul*, No. 18-13862, 2020 WL 5095286, at *3 (E.D. La. Aug. 28, 2020) (quoting *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010)) (holding that "a § 2412(d) [EAJA] fees award is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes to the United States").

Furthermore, the Commissioner does not argue that its position was substantially justified or that special circumstances make an award of attorneys' fees unjust. *See generally* ECF No. 23. The Court, therefore, finds that Plaintiff is entitled to attorneys' fees under § 2412(d).

Having found Plaintiff entitled to attorneys' fees, the Court must now address the reasonableness of the rate charged and time expended on the matter.

### A. Rate Charged

The EAJA provides that the amount of fees awarded to a prevailing party should be "based upon prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Plaintiff requests an increase from the statutory $125 per hour rate to an hourly rate of $239.73 based upon the Consumer Price Index prepared by the Bureau of Labor and Statistics. ECF No. 22-1 at 1-2. The Commissioner does not dispute the requested rate. ECF No. 23 at 1.

Several judges within the Eastern District of Louisiana have recognized that a cost-of-living increase from the statutory $125 per hour rate is appropriate. *See, e.g.*, *Green v. Social Security Administration*, No. 21-1362, 2022 WL 3643025, at *2 (E.D. La. Aug. 5, 2022) (Douglas, J.) (finding $200 per hour reasonable for cost-of-living adjustment), *R.&R. adopted*, 2022 WL 3594637 (E.D. La. Aug. 23, 2022); *Saucier v. Kijakazi*, No. 20-2373, 2022 WL 2132281, at *1 (E.D. La. June 14, 2022) (Vance, J.) (finding $194 per hour reasonable for cost-of-living increase); *Wigginton v. Social Security Administration*, No. 19-11418, 2021 WL 3852293, at *3 (E.D. La. Aug. 27, 2021) (Brown, C.J.) (finding $205.84 per hour reasonable for work performed from 2019-2021); *Boasso v. Saul*, No. 18-05623, 2019 WL 5212277, at *2 (E.D. La. Oct. 16, 2019) (Zainey,

J.) (finding $194 per hour reasonable for work performed in 2018).  In *Wigginton*, the court noted that the Consumer Price Index for the South Urban B area ("CPI-B") was $207.86 per hour for work performed in 2021.  2021 WL 3852293, at *2 n.28.

Given the absence of opposition by the Commissioner and that the work in this case was performed in late 2023 and throughout 2024 (ECF Nos. 22-3 at 2-4; 22-4 at 2-3; 22-5 at 2-3), the Court concludes that an hourly rate of $239.73 is reasonable.

### B. Time Expended

Plaintiff's counsel expended 45.6 hours on this litigation.  The fee applicant bears the burden of proving the hours requested are reasonable.[4]

Only work of a legal nature is compensable.[5]  Legal work must be distinguished from other activities that are purely clerical in nature, such as typing, copying, labeling, faxing, mailing, and filing or delivering pleadings.[6]  Clerical or secretarial costs, whether performed by an attorney or paralegal, are part of office overhead and reflected in the billing rates.[7]  When an attorney or paralegal performs a task that could be handled by clerical staff, the opponent should not be charged their hourly rates.[8]  Further, fee applicants must exercise "billing judgment," meaning

---

[4] *Saucier*, 2022 WL 2132281, at *2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Leroy v. City of Hous.*, 831 F.2d 576, 586 (5th Cir. 1987)).
[5] Work of a legal nature includes "factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence."  *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).
[6] *See Lalla v. City of New Orleans*, 161 F. Supp. 2d 686, 710–11 (E.D. La. 2001); *Kuperman v. ICF Int'l*, No. 08-565, 2009 WL 10737138, at *9 (E.D. La. Oct. 13, 2009) (reducing hours billed for attorney time spent copying and Bates-numbering documents); *Fleming v. Elliott Sec. Sols., LLC*, No. 19-2348, 2021 WL 4908875, at *9-10 (E.D. La. Oct. 21, 2021) (disallowing charges for administrative tasks, including opening a file in a database, entering case updates in a management system, mailing letters, copying documents, calendaring deadlines, confirming contact information, and talking with a process server or court clerk).
[7] *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *9 (E.D. La. May 15, 2001) (citations omitted) (reducing hours billed for time attorney sent faxing documents), *aff'd*, 281 F.3d 1280 (5th Cir. 2001).
[8] *Kuperman*, 2009 WL 10737138, at *9 (citations omitted).

4

they should "exclude from a fee request hours that are excessive, redundant and otherwise unnecessary[.]"[9]

Plaintiff's itemized statement indicates that he seeks recovery for work of a legal nature performed by his attorney, which work appears neither excessive, redundant nor unnecessary. ECF Nos. 22-3; 22-4; 22-5. Further, courts have determined that in excess of thirty hours of time expended on a social security matter is reasonable. *See, e.g.*, *Green*, 2022 WL 3643025, at *2 (finding 31.2 hours reasonable); *Saucier*, 2022 WL 2132281, at *2 (finding 35 hours reasonable); *Wigginton*, 2021 WL 3852293, at *3 (finding 33 hours reasonable); *Rodriguez v. Comm'r of Soc. Sec. Admin.*, No. 18-6674, 2019 WL 3948011, at *2 (E.D. La. July 30, 2019) (finding 39.8 hours reasonable), *R.&R. adopted*, 2019 WL 3946139 (E.D. La. Aug. 21, 2019). Therefore, upon review of the itemized statement of time included in the motion and considering the absence of opposition by the Commissioner, the Court finds that 45.6 hours of charged time is reasonable.

### III.   CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff is the prevailing party and entitled to attorneys' fees. The Court further finds that the hourly rate of $239.73 per hour (adjusted from the statutory $125 amount based upon the Consumer Price Index) and 45.6 hours of time expended, are reasonable. The Court therefore finds that an award of $11,756.69 made payable to John Homer Smith is appropriate.

Accordingly,

---

[9] *Saucier*, 2022 WL 2132281, at *2 (quoting *Hensley*, 461 U.S. at 434, 437).

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (ECF No. 22) be GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff John Homer Smith be awarded fees in the amount of $ $11,756.69, representing 45.6 attorney hours of expended time at a rate of $239.73 per hour and 11 hours of paralegal time at the rate of $75 per hour.

**IT IS FURTHER ORDERED** that the attorneys' fees award be made payable to plaintiff, rather than to his attorney.

New Orleans, Louisiana, this __18th__ day of December, 2024.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE